UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 18-2329 JGB (SPx) | Date | February 7, 2019 |
|---|---|---|---|
| Title | *Sherrylyn Alivera v. Swift Transportation Co. of Arizona, LLC, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 11); (2) REMANDING the Case to the Riverside Superior Court; and (3) VACATING the February 11, 2019 Hearing (IN CHAMBERS)

Before the Court is Plaintiff's Motion to Remand.  ("Motion," Dkt. No. 11.)  The Court determines the Motion is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

## I.  BACKGROUND

On October 15, 2018, Plaintiff Sherrylyn Alivera ("Plaintiff") filed a First Amended Complaint against Defendants Swift Transportation Co. of Arizona, LLC ("Swift-AZ"), Swift Transportation Services, LLC ("Swift-SVC") (collectively, "the Swift Defendants"), Jose Guzman, Mindi Veitch, and Does 1 through 50 in the Superior Court of the State of California for County of Riverside.  ("FAC," Dkt. No. 12-2.)  The FAC alleged twelve causes of action,[1]

---

[1] The causes of action are: 1) disability discrimination under the California Fair Employment and Housing Act ("FEHA"), Govt. Code § 12940(a); 2) retaliation in violation of FEHA; 3) failure to accommodate in violation of Govt. Code § 12940(m); 4) failure to engage in the interactive process in violation of Govt. Code § 12940(n); 5) wrongful termination in violation of public policy; 6) intentional infliction of emotional distress ("IIED"); 7) failure to pay all wages including overtime wages in violation of Cal. Lab. Code §§ 510, 1194, 1197 and 1182.12; 8) failure to provide meal periods in violation of Cal. Lab. Code §§ 226.7 and 512; 9)

each brought against "Swift Transportation Co. of Arizona, LLC, Swift Transportation Services, LLC, and Does 1-50, inclusive." (See generally id.) On October 30, 2018, Defendants removed the action to this Court. ("Notice of Removal" or "NOR," Dkt. No. 1.)

On December 18, 2018, Plaintiff filed the instant Motion. (Dkt. No. 11.) On the same day, she filed the declaration of John A. Young (Dkt. No. 12), along with several exhibits, including the original complaint ("Complaint," Dkt. No. 12-1), the FAC, and a proposed second amended complaint ("SAC," Dkt. No. 12-5). On January 7, 2019, Defendants filed an opposition to the Motion. ("Opp.," Dkt. No. 17.) Plaintiff filed a reply on January 14, 2019. ("Reply," Dkt. No. 18.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). See Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]"). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

Nonetheless, removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or "sham" defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). As the Ninth Circuit has explained, "fraudulent joinder is a term of art" and requires courts to look at whether a plaintiff has failed to state a cause of action against a resident defendant. Id. Thus, the defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Id.; see also Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (defendant seeking removal based on alleged fraudulent joinder "must do more than show that the complaint at the

---

failure to provide rest periods in violation of Cal. Lab. Code § 226.7; 10) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code §§ 226, 226.3 and 1174; 11) failure to pay wages upon termination of employment in violation of Cal. Lab. Code §§ 201, 202 and 203; and 12) unfair business practices in violation of Business & Professions Code § 17200. (FAC at 1.)

time of removal fails to state a claim against the non-diverse defendant" but must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"); Gloger v. Lynch, No. 2:16-CV-05445-CAS-E, 2016 WL 4770015, at *3 (C.D. Cal. Sept. 12, 2016) (noting that "the burden of proving a fraudulent joinder is a heavy one" because "the removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court"); Hurd v. Am. Income Life Ins., No. CV-13-05205 RSWL-MRW, 2013 WL 5575073, at *3 (C.D. Cal. Oct. 10, 2013) ("The defendant must demonstrate that *there is no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.") (internal quotation marks omitted).

"[T]he propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). Thus, "post-removal amendments to the pleadings cannot affect whether a case is removable[.]" Id. However, the Ninth Circuit has also recognized limited exceptions to this rule, noting that the general "rule applies mainly in cases where the amended complaint attempts to destroy federal jurisdiction after the case has been properly removed." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1046 (9th Cir. 2000). Thus, where the initial complaint facially precludes removal, courts in this Circuit have considered post-removal amendments as providing clarification on allegations bearing on jurisdiction. See, e.g., Schuster v. Gardner, 319 F. Supp. 2d 1159, 1163-64 (S.D. Cal. 2003) (noting that "strict adherence" to general principle that removal should be determined on the basis of original pleadings "would work an injustice," and finding that amended complaint was merely clarification of its original complaint rather than attempt to manipulate the choice of forum); see also Loid v. Computer Scis. Corp., No. CV-12-5144-EFS, 2013 WL 808696, at *5 (E.D. Wash. Mar. 5, 2013) ("[W]hen the initial complaint facially precludes removal, courts may properly consider a timely-filed amended complaint as a clarification to the allegations bearing on the federal court's jurisdiction.").

## III. DISCUSSION

In the FAC, Plaintiff states that she is a resident of Riverside County, California. (FAC ¶ 1.) She alleges that Swift-AZ and Swift-SVC are Delaware companies, headquartered in Phoenix, Arizona, with their principal places of business in Jurupa Valley, California. (Id. ¶¶ 2, 3.) She further alleges that the individual defendants Guzman and Veitch are residents of Riverside County, California. (Id. ¶¶ 4, 5.) In their Notice of Removal, Defendants allege, "[b]ased on information and belief, [that] Plaintiff is a citizen of California." (NOR ¶ 8.) Defendants contend that the Swift Defendants' principal place of business is Phoenix, Arizona, and that they are therefore citizens of Arizona, not California, for removal purposes.[2] (Id. ¶ 9.) Defendants argue

---

[2] In the Motion, Plaintiff does not dispute the Swift Defendants' citizenship or that Plaintiff is a citizen of California. The Court therefore assumes, for the purposes of determining diversity jurisdiction, that Plaintiff is a citizen of California and the Swift Defendants are citizens of only Arizona and Delaware.

that Guzman and Veitch "are 'sham' defendants because there are no causes of action pled against them at all" (id. ¶ 12 (emphasis omitted)) and because Plaintiff cannot plausibly establish any of her claims against them (id. ¶¶ 13–16).

In the Motion, Plaintiff responds that "Mr. Guzman is a California resident and his conduct gives rise to viable claims against him individually."[3] (Motion at 1.) Therefore, Plaintiff argues, "remand is proper based on the parties' lack of diversity of citizenship." (Id.) The Court notes that neither party has alleged Guzman's citizenship.[4] If the Court finds Guzman was improperly joined, no such allegation is necessary, as Defendants will have met their burden of establishing diversity of citizenship by alleging that Plaintiff is a citizen of California and the Swift Defendants are citizens of Delaware and Arizona, not California. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").[5] If the Court finds Guzman is a proper defendant, Defendants would have failed to meet their burden to demonstrate complete diversity by alleging that Guzman is a citizen of a state other than California. See id. Defendants cite no other basis for federal subject matter jurisdiction. (See generally NOR.) Thus, if Guzman was not fraudulently joined, the Court must remand the case to state court.

---

[3] Plaintiff does not argue in the Motion that Veitch is not a sham defendant. In the Opposition, Defendants argue that, because the Motion does not address whether Veitch is a proper defendant, "Plaintiff has effectively conceded that she was fraudulently joined in this action." (Opp. at 13.) In the Reply, Plaintiff responds only that "Ms. Veitch is not an integral party to this action." Plaintiff also indicates that Veitch is a resident of Arizona. (Reply at 2.) Therefore, for the purposes of deciding this Motion, the Court deems Plaintiff to have abandoned any argument that Veitch is a properly joined defendant and a citizen of California, and that her joinder would thus destroy complete diversity. See Ramirez v. City of Buena Park, 560 F.3d 1012, 1026 (9th Cir. 2009) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.") (internal quotation marks omitted).

[4] Allegations that a person is a resident of a particular state do not establish the he is a citizen of that state for the purposes of diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding that, where notice of removal stated plaintiffs were "residents" of California, defendant had "fail[ed] to specify Plaintiff's state citizenship[, which was] was fatal to Defendants' assertion of diversity jurisdiction").

[5] With regard to 28 U.S.C § 1332(a)'s amount in controversy (AIC) requirement, Defendants argue in the NOR that "[t]he allegations in the Complaint make clear that Plaintiff believes that the amount at issue is well in excess of $75,000" (NOR at 8) and provide estimates of her potential damages (id. at 8–10). Plaintiff does not dispute Defendants' contention that the AIC exceeds $75,000. Because a defendant's AIC "allegation should be accepted when not contested by the plaintiff or questioned by the court[,]" Defendants have met their burden to "plausibl[y] alleg[e] that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553, 554 (2014).

## A. Whether the Court May Consider the Proposed SAC

In the Motion, Plaintiff advances arguments based in part on her "[Proposed] Second Amended Complaint[,] . . . which elaborates upon the factual basis for specifically naming Mr. Guzman . . . , such as allegations detailing Mr. Guzman's egregious and discriminatory conduct against Ms. Alivera[.]"  (Motion at 5.)  She argues that, because "courts in this Circuit have considered post-removal amendments as providing clarification on allegations bearing on jurisdiction[,]" the "Court may look to Plaintiff's [proposed] amended complaint[] as clarification of Plaintiff's original causes of action against the non-diverse Defendants[.]"  (Id. at 7 (citing Schuster, 319 F. Supp. 2d at 1163–64).)

Defendants counter that "Plaintiff's proposed SAC goes far beyond 'clarification' of the allegations in Plaintiff's FAC."  (Opp. at 11.)  Rather, they point out, "Plaintiff's proposed SAC attempts to add an entirely new cause of action against Defendant Guzman along with several additional factual allegations against him."  (Id. at 12.)  Defendants cite a number of cases finding that an amendment changing the description of a party from "resident" to "citizen" was a mere clarification, and thus that the amended pleading could be considered.  (Id. at 11 (citing Weight v. Active Network, Inc., 29 F. Supp. 3d 1289 (S.D. Cal. 2014); Wickens v. Blue Cross of California, Inc., 2015 WL 4255129, at *5 (S.D. Cal. 2015); In re Anthem, Inc., 129 F. Supp. 3d 887, 894 (N.D. Cal. 2015)).)  They also argue that the case cited by Plaintiff, Schuster, 319 F. Supp. 2d at 1163–64, does not support Plaintiff's position.  (Id. at 12.)  In Schuster, the Court distinguished between attempts to clarify and "attempt[s] to manipulate the choice of forum," concluding that the changes to the complaint in that case were mere clarifications because "[t]he whole of the original complaint and the procedural posture of th[e] case support[ed] plaintiff's contention that any federal claim present in the original complaint was inadvertently pled."  319 F. Supp. 2d at 1164.

Plaintiff has pointed to no authority indicating that the addition of new factual allegations and new claims may be considered mere clarification.  Plaintiff's proposed changes are much more significant than those commonly considered clarifications, such as a change from "resident" to "citizen."  See supra.  Further, while she contends that she "does not have an improper motive" and is not "seeking to defeat diversity by naming a non-diverse defendant" (Reply at 5), she does not claim that her failure to include the new allegations and cause of action in the original complaint (or FAC) was due to inadvertence.  For these reasons, the Court concludes that these proposed changes are not mere clarifications.

However, Defendants have not convinced the Court that Plaintiff's failure to name Guzman in any of the causes of action was not the result of inadvertence.  That Plaintiff included Guzman in the caption of the FAC and among the listed parties (FAC ¶ 4) indicates an intent to

plead at least one claim against him.[6]  Thus, the Court will consider the SAC only to the extent it clarifies that the sixth cause of action, IIED, was alleged against Guzman.  (See SAC at 18.)

**B.  Whether Guzman was Fraudulently Joined**

Because Plaintiff's proposed SAC adds Guzman only to the IIED claim, the Court considers only whether Defendants have "demonstrate[d] that *there is no possibility* that [Plaintiff] will be able to establish" her IIED claim against Guzman.  See Hurd, 2013 WL 5575073 at *3.  Defendants' primary argument is that Guzman is shielded from tort liability by the managerial privilege.  They also contend that, even considering the additional facts alleged in the SAC, "Plaintiff's IIED claim against Guzman fails because the alleged conduct by Guzman . . . is woefully inadequate to establish the 'outrageous' conduct required to state a claim for IIED." (Opp. at 17.)  The Court addresses each argument in turn.

### 1.  Managerial Privilege

In the NOR, Defendants argue that "even if Plaintiff had made an attempt to plead her . . . sixth cause of action for . . . intentional infliction of emotional distress against Mr. Guzman . . . , [it] would fail as a matter of law because all of [his] alleged conduct occurred within the course and scope of employment and is thereby protected by the managerial privilege."  (NOR ¶ 15 (citing Sheppard v. Freeman, 67 Cal. App. 4th 339, 346–47 (1998); Aalgaard v. Merchants Nat'l Bank, Inc., 224 Cal. App. 3d 674, 684–86 (1990); Becket v. Welton Becket & Assocs., 39 Cal. App. 3d 815, 823–24 (1974)).)  In their Opposition, Defendants elaborate that the facts alleged with regard to Guzman show that his "conduct clearly occurred within the course and scope of [his] employment with the Swift Defendants and cannot form the basis for a tort claim against [him]."  (Opp. at 15.)  Specifically, they note that "Plaintiff claims she tried to discuss her work restrictions with 'her superior,' Guzman, who later sent her home from work on one occasion allegedly due to her medication."  (Id. (citing FAC ¶¶ 26–27, 29).)

In their Opposition, Defendants also cite McCabe v. Gen. Foods Corp., highlighting the Ninth Circuit's holding that the "plaintiff's tort claims against two individual managers failed as a matter of law because '[the managers'] actions, according to the complaint, had been in their managerial capacity . . . [and] ratified by [their employer][.]'"  (Opp. at 14 (quoting McCabe, 811 F.2d 1336, 1339 (9th Cir. 1987)).)  The McCabe panel concluded that, because the conduct of "an advisor . . . motivated in part by a desire to benefit his principal" is privileged, the plaintiff had not stated a wrongful discharge claim against his supervisors.  811 F.2d 1336 at 1339.  Neither McCabe nor any other case cited by Defendants in support of their managerial privilege argument applies the privilege to an IIED claim.  In fact, a number of courts have stated that it is "questionable" whether the privilege protects managers from IIED claims.  See Onelum v. Best

---

[6] Plaintiff asserts that her "initial Complaint alleged intentional infliction of emotional distress against both individual Defendants."  (Motion at 8.)  However, the Court's review of the original Complaint reveals that neither Guzman nor Veitch were mentioned in the section asserting Plaintiff's IIED claim.  (See Compl. at 15–16.)

Buy Stores L.P., 948 F. Supp. 2d 1048, 1052 (C.D. Cal. 2013); Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003); see also Losik v. Current, Inc., CV No. 92-20352 SW, 1992 U.S. Dist. LEXIS 20550, at *6 (N.D. Cal. Oct. 27, 1992) ("Plaintiffs' claims . . . for defamation, invasion of privacy, and intentional infliction of emotional distress . . . are outside the scope of the privilege at issue in *McCabe* . . . .") Defendants have thus failed to convince the Court that the Plaintiff cannot, as a matter of law, sustain an IIED claim against Guzman.

### 2. Whether There is Any Possibility Plaintiff Could Establish an IIED Claim Against Guzman

Defendants also argue Plaintiff has not alleged "outrageous" conduct for the purposes of stating an IIED claim under California law, which requires that "the conduct be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Opp. at 17–18 (quoting Cochran v. Cochran, 65 Cal. App. 4th 488, 496 (1998)).) They also argue that "Plaintiff's allegations . . . amount to nothing more than unhappiness with certain personnel management decisions allegedly made by Guzman." (Opp. at 19.) Because "[p]ersonnel management decisions, even based on improper motives, do not constitute 'extreme and outrageous' conduct," they argue Plaintiff has not sufficiently alleged an IIED claim against Guzman. (Id. (citing Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996)).)

The Court agrees that Plaintiff has failed to state a claim for intentional infliction of emotional distress against Guzman in the FAC.[7] However, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla, 697 F. Supp. 2d at 1158 (citing Burris v. AT & T Wireless, Inc., No. C 06–02904 JSW, 2006 WL 2038040, at *2 (N.D.Cal. July 19, 2006)). Rather, "[t]he defendant must also show that 'there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.'" Id. (quoting Burris, 2006 WL 2038040, at *1). Thus, some courts in the Ninth Circuit have held that "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quoting Burris, 2006 WL 2038040, at *2); see also Nickelberry v. DaimlerChrysler Corp., No. C-06-1002 MMC, 2006 WL 997391, at *1–2 (N.D. Cal. Apr. 17, 2006) ("[Defendant] has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint

---

[7] Plaintiff's IIED claim seems to be based on Defendants' decisions to send Plaintiff home and ultimately terminate her, rather than provide accommodations. (See FAC ¶ 83.) Plaintiff also alleges Guzman did not provide a clear response when Plaintiff attempted to speak to him about accommodations (id. ¶ 26–27) and then told her "she could not work while her doctor prescribed medications and directed her to go home" (id. ¶ 29). Even assuming the "Defendants" mentioned in paragraph 83 included Guzman and that Plaintiff intended to reference Guzman's alleged actions in her IIED claim, Plaintiff fails to state a claim for IIED because all of the actions complained of were personnel management decisions. See Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996).

to address the purported pleading deficiency on which [defendant] relies. Accordingly, [defendant] has failed to show it is obvious under settled state law that [plaintiff] cannot prevail against [allegedly fraudulently joined defendant] . . . ."); but see Hurd, 2013 WL 5575073, at *3 (finding that a defendant was "a fraudulent defendant because Plaintiff ha[d] not alleged conduct falling within the definition of 'harassment' under the FEHA[,]" without considering whether plaintiff would be afforded leave to amend to cure purported deficiency).

The Court recognizes that the Ninth Circuit has not explicitly instructed district courts to consider whether the plaintiff could possibly amend its complaint to plead sufficient allegations against the alleged sham defendant. However, the Court finds this approach is in line with the Ninth Circuit's elaboration of the fraudulent joinder inquiry. For example, in Ritchey, the Ninth Circuit stated that "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." 139 F.3d at 1318 (emphasis added). It also described its fraudulent joinder analysis in McCabe as a "determin[ation] that no wrongful discharge cause of action could be stated against the managers of a company[.]" Id. In light of this language, and the "strong presumption against removal jurisdiction and the general presumption against fraudulent joinder[,]" Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009), the Court adopts the approach articulated in Padilla, 697 F. Supp. 2d at 1158, and concludes Defendants have not shown Plaintiff could not possibly prevail on any claim against Guzman. Accordingly, they have not met their burden to establish that Guzman is a sham defendant. See id. Because Defendants have not alleged Guzman is a citizen of a state other than California, they have not established that complete diversity exists. There being no other alleged basis for federal subject matter jurisdiction, the Court therefore remands the case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS the case to state court for all further proceedings. The hearing on February 11, 2019 is VACATED. The Clerk is directed to close the case.

**IT IS SO ORDERED.**